WILLIAM M. CORRY *v.* FOLZ, O'BRIEN & CO., AND OTHERS.

1. Where a street has been improved and a special assessment by the front foot of the lot or parcels of land abutting on it has been made to pay the expense of the improvement, each lot or parcel of land so abutting is separately liable for the amount assessed upon it, provided the amount does not exceed the maximum allowed by law.

2. In an action brought to recover the amount of such assessments against the owner of two or more lots or parcels of land abutting on the street, it is error to charge either lot or parcel with the aggregate of the assessments.

MOTION for leave to file petition in error to reverse the judgments of the Superior Court of Cincinnati, in general and special terms.

The plaintiff in error is the owner of blocks 28 and 29 in Corry's addition to Cincinnati. Eden avenue constitutes their common boundary on the east, and Marshall street the same on the west. Boone street is the southern boundary of block 28, and Wayne street the northern boundary of block 29, and Hammond street, running east and west, divides them; on which street each block fronts 400 feet. The city caused Hammond street to be improved between designated points, including that portion upon which blocks 28 and 29 abut, and to pay the expense of the improvement assessed a special tax of $6.16 on each front foot of the several lots of land bounding and abutting on Hammond street between the points designated. The assessment was delivered to the defendants in error, who were the contractors, in payment for the improvement. The assessment not being paid within the time prescribed by law, the defendants in error (plaintiffs below) brought suit against the plaintiff in error to recover the amount of the assessment against blocks 28 and 29, which are described in the petition as bounded by the streets as above stated, and asking "that the same might be decreed a lien upon said real estate, prior to all other liens thereon, and that an order for the sale thereof may issue to enforce the payment of said special tax and assessment."

On default for answer, the court found that the improvement had been made and a special tax assessed on the property abutting and bounding on Hammond street, including blocks 28 and 29 as described in the petition, upon which it was found to be a lien, and that there was due to the plaintiffs below, on the assessment, including interest and penalty, the sum of $5,354.52, "for the payment of which the plaintiff is entitled to an order for the sale of said real estate described in the petition." And a sale was ordered accordingly.

On error to the general term the judgment at the special term was affirmed.

This is a motion for leave to file a petition in error to

reverse the judgment below. The following, among other errors, are assigned:

1. The court erred in assessing the whole amount of the special tax against two separate blocks in gross.

2. The court erred in assessing the whole of a block for the improvement of one street.

3. The court erred in not ascertaining what lots or parts of each block ought to be assessed for the improvement of Hammond street.

*J. W. Okey & G. B. Okey* for plaintiff in error.

There was no personal judgment, but a decree was rendered to enforce the lien. The decree is, however, not upon each lot, or even block, for its proper amount, but for one sum assessed upon the whole of both blocks, as if they were one parcel.

The record discloses the fact that the contract with the parties in interest, Chas. Folz, O'Brien & Co., was made in the spring of 1875. The act then in force, limiting the assessment, we presume must govern. *Goodale* v. *Fennell,* 27 Ohio, 426. Whether this was the act of 1874 (71 O. L. 45), or the act of 1875 (72 O. L. 68), does not clearly appear; but it is not material, for in the particulars, to which we will direct the attention of the court, they are identical. These acts are repeals of section 543 of the municipal code, and its re-enactment with changes. The provisions are, in substance, that in certain cities, of which Cincinnati is one, such special tax shall not exceed twenty-five per cent. of the value of the lot or land after such improvement is made, except in cases under the act of 1875, when the lot-owners petition for the improvement; and that there shall not be levied of such personal assessment, in any one year, an amount which shall exceed ten per cent. of the value of such lot or land after such improvement is made.

In *Northern Indiana R. Co.* v. *Connolly,* 10 Ohio St. 159, it was held that where an assessment is made by the feet front, it "must be uniform, operating alike upon all the lots or lands so abutting." And in *Uppington* v. *Oviatt,* 24

Ohio St. 232, it was held, that if in any case the assessment by the feet front exceeds twenty-five per cent. of the value, the assessment is unlawful as to the excess, and the judgment awarding it cannot be sustained.    The same rule would govern with respect to the limitation of ten per cent.    The governing principle is thus stated. by the court, in *French* v. *Edwards*, 13 Wall. 506–511 : "When the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be, and generally would be injuriously affected, they are not directory, but mandatory.    They must be followed, or the acts done will be invalid."

With this preliminary statement of law and fact, we will present our specific objections to the judgment, and will answer such matter as has been urged by the defendants in error.

1. Were the blocks in this case "lots or lands bounding or abutting on the proposed improvement," within the meaning of the municipal code, sec. 576 ?

Their boundary east, west, north, and south was a street. Is there any reason why block 28 should not be assessed to improve Boone street, Eden avenue, or Marshall street, as well as Hammond street?    If not, is there any reason which would justify the levy on a whole block to improve Hammond street, which will not justify the same levy to improve the three other streets that abut upon the block?    If twenty-five per cent. of the value of a block, after the improvement is made, may be assessed to improve Hammond street, the same thing may be done to improve each of the three streets bounding the other portions of the block; hence the whole lot might be taken, and the provision limiting the assessment would be a nullity.    Nor is it any answer to say, it will be time enough to make the objection when the case arises.    If we can not object now, we could not when another of those streets may be improved.

The rule which ought to be applied is thus stated by

Judge Cooley: " The requirement of apportionment is imperative. And whenever the tax is a direct levy on property, there must be a taxing district. Given a tax and a district, then the sum demanded of any one person, or laid upon one parcel of property, must have fixed relation to the whole tax, as well as to that demanded of every other person, or laid upon every other piece of property. Without this, the exactions of money for the public are mere forced contributions, and taxation will differ from the eminent domain only in this, that the latter demands the property of the citizens when necessity requires it, and on making compensation, while the former exacts it at discretion, and without compensation.

" Of apportionment, in general, the following rules may, perhaps, safely be predicated : 1. Though the districts are established at the discretion of the legislature, the basis of apportionment which is fixed upon must be applied throughout the district. 2. There can not be two modes of apportionment for the same tax in the same district; if there could be, there might be any number, and, in effect, there would be none at all, and every man might be assessed arbitrarily." Cooley on Taxation, 180.

Whether the blocks have been divided into lots does not directly appear from anything that can be called a part of the record. It appears from the affidavit of Corry, in the case, that he caused the blocks to be subdivided into lots, and a plat thereof to be acknowledged, in May, 1875, and before the improvement was made ; but, on the other hand, it appears, from the journal entries, that the sheriff is directed, in the order setting aside the sale in the case, to subdivide the lots. It is not material how the fact is, for the law will fix a limit in such case, so that provision against excessive taxation may not be defeated. The limitation, though implied from the provision against excessive taxation, is as certain as though expressly made, as it is in cases of assessment according to value. Sec. 542. Nor is the decision with respect to corner lots opposed to this view, for the assessment of the whole front on two streets is ex-

pressly put on the ground that the lot has a double front. *Morrison* v. *Hershire*, 32 Iowa, 271.

2. There can be no justification of an assessment of a gross sum upon two whole blocks, separated by a street. In *Balfe* v. *Johnson*, 40 Indiana, 235–238, the court say: "The assessment was made in this case upon lots four, five, six, seven, eight, nine and ten, in L. B. Stockton's addition, and the preliminary and final estimates and the assessment were made in one gross sum against all the lots. It may be in the power of the owner to pay the assessments upon one or more of the lots or pieces of land, and not upon all. If the assessment is made in one gross amount against all the lots, he could not do this, as the lien would cover all the lots, and all could be sold to discharge it. There may be other reasons in favor of a separate assessment against each lot." In *Jennings* v. *Collins*, 99 Mass. 29–31, it was said: "Where lands are separated, either by the use or purpose to which they are devoted, or by their mode of occupation, or are disconnected in location, a tax laid generally upon the entire valuation, can not be made a lien upon each separate parcel, even when they are all owned or occupied by the same person." And see *Hayden* v. *Foster*, 13 Pick. 492.

A view of analogous principles and provisions leads to the same conclusion. It is a principle enforced in this state many years, and still applied, and applicable alike to town and country, that "each separate parcel of real property shall be valued at its true value in money." 2 S. & C. 1443, sec. 9; 1 S. & C. 99, sec. 19. Special assessments, when they become delinquent, are certified to the county auditor, who is required to place them on the duplicate "in a separate column," placing opposite each parcel its appropriate assessment. 66 O. L. 260, sec. 652; 71 Ib. 72, sec. 436; 66 Ib. 243, sec. 554; 66 Ib. 254, secs. 619, 625. Advertisements and sale of delinquent and forfeited lands must describe them in the same way. So it is irregular for the sheriff to sell separate parcels as one. Freeman on Executions, sec. 296.

No answer to this objection is found in the fact that a judgment might be taken against the person, in such a case, when the proceeding is conducted with a view to it, operating as a lien on all the debtor's lands. State and county taxes are a personal debt against the owner, as well as a lien upon the lands (3 Ohio St. 277); but would it be lawful, for that cause, to assess the gross taxes on several lots as one parcel? Clearly not.

3. We are aware that the requisite data appearing on the record, the Supreme Court reversing a judgment may render the judgment which the court below ought to have rendered (*Civil Code*, sec. 526; 67 O. L. 115; 5 Ohio St. 251; 17 Ib. 607; 21 Ib. 492); and that it appears each block fronts on the improved street four hundred feet. It has been suggested, in view of this, that this court, on reversal, might render a judgment against each block for one-half of the assessment. But the blocks may or may not extend the same distance north and south. Admitting that they are of the same size, their value may be different. We have seen that the law prohibits an assessment beyond twenty-five per cent., and that not more than ten per cent. of the value may be assessed in any one year. What is there to show that one-half of the sum of $5,354.52, which was the whole assessment, may not exceed ten per cent. of the value of one of the blocks, which is the limit in any year, or even twenty-five per cent. of the value, which is the maximum? Can this court assume that such is not the case? In point of fact, the order of sale and appraisement, which are among the papers, show that block 28 was appraised at $8,800, and sold for $5,866.67, and that block 29 was appraised at $10,000, and sold for $6,666.67, and that the sales were set aside. True, these papers are not strictly parts of the record; but when the inquiry is whether this court can render any other judgment than one of reversal, they may be considered. They show that the assessment of $2,677.26, which is one-half of the whole sum assessed, if levied on one block, would amount to nearly half its value, and assessed on the other block it would

Corry v. Folz, O'Brien & Co. et al.

amount to more than one-third its value, taking the above-mentioned sale as a test of value; whereas the maximum is twenty-five per cent., and only ten per cent. of the value can be levied in one year. The question, then, of rendering any other judgment than one of reversal may be laid out of the case.

4. The court will observe that the errors relied on for reversal of the judgment were not specifically assigned in the Superior Court; but there was a general assignment of errors. In *Davis* v. *Hines*, 6 Ohio St. 474, in which it was held that the court would not look beyond the assignment of errors in the court below, it is distinctly stated (p. 479) that there was no general assignment in the district court. On examination in the clerk's office, we find the same thing is true of the record in the case of *Randall* v. *Turner*, 17 Ohio St. 262, in which *Davis* v. *Hines* was followed. And in *Hettrick* v. *Wilson*, 12 Ohio St. 136–138, the court say: " There was a general assignment of errors in the district court, which we think renders it proper for us to examine errors not specially assigned in that court, and which are relied on here." The cases in which this court has refused to go outside of the assignment made here, of course have no application.

*Long, Kramer & Kramer*, for defendants in error, contended that the objections, even if well taken, were simply matters of defense; that judgment was rendered by default; and that the record discloses nothing of which Corry can complain.

GILMORE, J. The regularity of the proceedings in the improvement of Hammond street, and the assessment of the special tax on the property of the defendant for the payment of the expense thereof, by the city council, nor the extent to which the assessment, as such, operated as a lien upon blocks 28 and 29 respectively, are not before us for review.

The record in the action brought against the defendant below by the contractors, to whom the assessment was de-

livered in payment of the work, to recover the amount of it, is alone before us.

The facts appearing in the record in reference to the assessment, and the situation and nature of the property assessed, consist of the statements of the petition alone, and they are not such as to require us to decide whether the court below erred (1) in assessing the whole of a block for the improvement of one street, or (2) in not ascertaining what lots or parts of each block ought to be assessed for the improvement of Hammond street. The only question presented on the record requiring a decision is that raised by the first assignment of error, which is: "That the court erred in assessing the whole amount of the special tax against two separate blocks in gross."

If the court erred in this respect, and the order made affected the substantial rights of the defendant below, the judgment or order may be reversed on error. Code of Civil Procedure, sec. 512.

The assessment was for a sum certain upon each front foot of the property abutting upon the street in question. The blocks were on opposite sides of the street, but this does not necessarily affect the question, as the same principle would apply if they were on the same side of the street, and subject to the assessment. For assessments thus made, each abutting lot or parcel of land is separately liable for the amount assessed upon it, provided the amount does not exceed twenty-five per centum of the value of such lots or lands after the improvement is made. Sec. 543 Municipal Code, as amended; 72 Ohio Laws, 68.

This limitation upon the power of assessment, constitutes a part of the general policy of the law in reference to special assessments for municipal improvements, and is intended for the protection of the citizen, and to prevent a sacrifice of his property, and it is, therefore, not directory, but mandatory.

The assessment, whether upon each front foot or upon the value assessed for taxation, must be *uniform*, operating alike upon all the lots or lands so abutting and assessed, and

where such assessment exceeds twenty-five per centum upon its taxable value, or its value after the improvement is made, as the case may be, the excess must be paid from the general revenue. *Northern Ind. R. R.* v. *Connelly*, 10 Ohio St. 159; *Upington* v. *Oviatt*, 24 Ohio St. 232.

The record shows that the finding of the court was that the aggregate amount of the assessment on both blocks in gross was due to the plaintiffs below, and this gross sum was declared to be a lien on both blocks entire, and they were both ordered to be sold to pay this gross amount. Even admitting that the assessment was the same upon each block, and that they were of equal value; still each block should have been assessed separately with one-half of the entire assessment, for the reason that it might have been in the power of the owner to pay the assessment upon one of the blocks, and not upon both. But the assessment having been made in one gross amount, and declared by the court to be a lien on both blocks, he could not have done this, for both blocks could have been sold to discharge the lien.

But assuming what is probably the truth, that the blocks are not of the same value, then a stronger reason why they should have been separately charged with the amount assessed against each respectively, is, that the assessment in gross, as made by the court, virtually deprives the owner of the protection intended to be given by the limitation above referred to, by rendering its application impracticable. For illustration, one of the blocks, after the improvement is made, may be valued at a sum only equal to the amount of the assessment against it, in which event it would be liable for only one-fourth of the assessment against it, and the residue would be paid from the general revenue, and the owner would be relieved to this extent. But suppose the other block to be valued, after the improvement is made, at a sum equal to seven times the amount of the assessment against it, still it would only be legally liable for the amount that should have been separately assessed against it; but the assessment being in gross, and this gross sum being made a lien on both blocks, the valua-

ble block would thereby be made to pay seven-eighths of the gross assessment, and the less valuable block only one-eighth; and inasmuch as the aggregate assessment would only be twenty-five per centum of the aggregate value of the blocks after the improvement was made, they would be jointly liable to pay the gross amount of the assessment. The owner would thus be deprived of the protection of the twenty-five per centum limitation. The judgments of the courts below must be reversed.

Motion granted, and the judgment of the superior court in general term and its finding and order at the special term reversed, and cause remanded for such further proceeding as may be authorized by law.