Follett, J.
Youuglove brought his action on June 5, 1877, to set aside the tax sale of January 18, 1876, and within two years from the time of the tax sale. The last tax sale was January 21, 1879, and when the action was pending. In opening streets and in making assessments by the foot front, the manner of making the same and the duties of the auditor are clearly laid down in Spangler v. City of Cleveland, 35 Ohio St. 469, where it is held: “1. The appropriation of land for the opening of a street, by a municipal corporation, through a parcel of land which stands upon the tax duplicate as a single lot or parcel, severs the same into two lots or parcels for the purposes of assessment, though it remains on the general tax duplicate as an entirety for purposes of taxation.
“2. "Where the same is assessed as two lots, and the assessments thus made are certified to the auditor of the county for collection, by order of the council, it is error to add the assessments made on each side of the street together, and charge the same upon the whole lot, as if no severance had been made.”
Here a part of the assessment was $3 per foot front ou the north side, and should have been entered on the tax duplicate against that side only.
Also in Corry v. Folz, 29 Ohio St. 320, the court held: “ Where a street has been improved and a special assessment by the front foot of the lot or parcels of laud abutting on it has been made to pay the expense of the improvement, each lot or parcel of land so abutting is separately liable for the amount assessed upon it, provided the amount does not exceed the maximum allowed by law.”
These cases show that it was error for the auditor to charge the assessments made on the north side of the street against the land on the south side $ and, as against the south side, such assessments, when so charged, were illegal. These illegal assessments were wrongly charged against the south side and caused the land to be sold, but rendered the sale void. Wallingford v. Fiske, 24 Me. 386; Hall v. *74 Kellogg, 16 Mich. 135; Case v. Dean, 16 Mich. 12; Hubbard v. Brainard, 35 Conn. 563.
Where the tax sale is void or invalid the purchaser can not recover any penaltv. Johnson v. Stewart, 29 Ohio St. 498.
There is no doubt that the rule of caveat emptor applies to purchasers at tax sales, but we have a statute that defines what the owner of the land shall pay to remove the cloud of an invalid tax sale. The one in force when this sale was made (S. & C. 104, § 32), provides : “ If such sale should prove to be invalid on account of any irrégularity in the proceedings of any officer having any duty to perform in relation thereto, the purchaser at such sale shall be entitled to receive from the proprietor of such land or lot the amount of taxes, interest, and penalty, legally due thereon at the time of such sale, with interest thereon from the time of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale,” etc. As that statute is written, the context, the location of the words, and the punctuation, all and each lead to the conclusion that the words, “legally due thereon at the time of such sale,” qualify the preceding words, “ amount of taxes, interest, and penalty.” This case shows'the value of such a statutory limitation in preventing a city from evading the maximum limit of assessment.
The amounts that were specifically assessed upon the north side of the street, and that wmre afterward charged to the south side of the street, can not be included in the amount of laxes and interest and penalty that the purchaser shall receive from the proprietor of this lot. He should receive the general taxes and the special assessments levied on the south side that he paid, and interest on such payments from the respective dates of such payments; that is, the legal taxes on the south side and proper penalty and interest, but no illegal tax hr penalty.
The offer of Younglove to pay Hackman whatever sum or sums the court may find should be so paid by hini as a condition of the relief prayed for, may excuse a specific *75 tenclei’, but we think the offer did not stop interest on the amount of taxes legally duo thereon that Hackman paid.

Judgment reversed and cause remanded.